■ RAY HOWARD et al., Respondents-Appellants, v WALTER BLOCK et al., Appellants-Respondents. — Order, Supreme Court, New York County (Williams, J.), entered May 26, 1981, which granted the defendants' (landlords) motion to dismiss the complaint only to the extent of dismissing the first and second causes of action and allowing plaintiffs (tenants) to replead the third and fourth causes of action, unanimously modified, on the law, to deny leave to replead the third and fourth causes of action and grant the motion to dismiss the complaint in its entirety, and otherwise affirmed, with costs. Plaintiffs are rent-controlled tenants. The landlord brought an action seeking compensation for damages to the premises. The tenants interposed an answer and then brought their own suit, alleging four causes of action. First, that the landlords engaged in harassment by failing to cash rent checks and then bringing nonpayment proceedings; second, that the malicious institution of these proceedings constituted abuse of process; third, that the landlords engaged in malicious conduct to obtain eviction on false charges or make it economically unfeasible for plaintiffs to defend the false proceedings, or both and; fourth, for injunctive relief, as tenants will be irreparably harmed. The first and second causes of action were properly dismissed by Special Term. However, the third cause of action does not make out a prima facie tort, nor does the fourth state a claim for injunctive relief. Prima facie tort is defined as the infliction of intentional harm, resulting in damages, without excuse or justification, by an act or series of acts which would otherwise be lawful. An essential element of the cause of action is an allegation of special damages (*ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458). Tenants were not, in fact, evicted, and there was no showing of intentional harm. That prior actions were meritless or vexatious does not, without more, spell out prima facie tort, and attorney's fees incurred therein do not spell out special damages (*Ginsberg v Ginsberg,* 84 AD2d 573, 574); nor will such allegations make out an abuse of process (*Scully v Genesee Milk Producer's Coop.,* 78 AD2d 982). Therefore, the fourth cause of action demanding an injunction must also fail, since, as there is no showing of tortious acts, no irreparable harm is made out. Concur — Sullivan, J. P., Carro, Silverman and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS LETTERESE, Appellant. — Judgment, Supreme Court, New York County (Torres, J.), rendered on February 4, 1981, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Kupferman, J. P., Carro, Silverman and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS AULLA, Appellant. — Judgment, Supreme Court, New York County (G. B. Smith, J.), rendered on April 14, 1981, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Kupferman, J. P., Carro, Silverman and Asch, JJ.

■ PETER B. KAPLAN et al., Appellants, v MARC SNYDER, Respondent. — Order, Supreme Court, New York County (Gammerman, J.), entered on August 6, 1981, unanimously reversed, on the law and the facts, and plaintiffs' motion to strike affirmative defense of lack of jurisdiction, and defense of Statute of Limitations is granted, and defendant's cross motion to dismiss complaint is denied, for the reasons stated by the referee. Appellants shall recover of respondent $75 costs and disbursements of this appeal. No opinion. Concur — Kupferman, J. P., Carro, Silverman and Asch, JJ.