OPINION OF THE COURT
Simons, J.
The question presented on this appeal is whether plaintiffs may recover damages from defendants in a cause of action for prima facie tort because defendants instituted a prior defamation action against them which is still pending and which plaintiffs allege is vexatious and without merit.
The suit arises from campaign literature published by a group of government officials, including plaintiffs, of the City of Glen Cove and Nassau County. The literature, which was intended to oppose the reelection of defendant Suozzi’s brother as Mayor, alleged that defendant Suozzi, a former Associate Justice of the Appellate Division, Second Department, had engaged in a speculative real estate purchase and profited from decisions made by his brother acting as Mayor while defendant was still sitting on the Bench. As a result of the accusations, defendant Suozzi, appearing by his own law firm, the other defendant in this action, instituted a libel action denominated Suozzi v Párente against several defendants, including the plaintiffs here.
Plaintiffs then brought this suit asserting two causes of action. In the first they alleged that defendants had defamed them in the Suozzi v Párente action by accusing them of libeling Suozzi. It was dismissed by Special Term and plaintiffs have not appealed from that determination. In the second cause of action plaintiffs contend that the purpose of the Suozzi v Párente action was not to remedy a wrong believed in good faith to have been committed but was brought “for the malicious and intentional purpose of harming defendants therein” and “to punish the plaintiffs for exercising their constitutional right to free speech and *116 to participation in the public election process.” Plaintiffs also asserted that institution of the prior action violated a “duty owed plaintiffs to refrain from institution of a baseless legal proceeding” and “was further intended to cause the plaintiffs expense and to burden them with the defense of a protracted legal proceeding”, thereby damaging them.
Special Term denied defendants’ motion to dismiss the second cause of action. It found an action for prima facie tort sufficiently stated insofar as the complaint alleged “intentional infliction of economic harm by commencement of a lawsuit without legal excuse or justification”, citing this court’s decision in Board of Educ. v Farmingdale Classroom Teachers Assn. (38 NY2d 397). The Appellate Division, characterizing the cause of action as one sounding in abuse of process, reversed and granted defendants’ motion to dismiss (102 AD2d 759). The basis of its decision was plaintiffs’ failure to allege an improper use of process after it was issued and a wrongful interference with person or property under color of process, both of which it held were necessary to such an action.
 There should be an affirmance. Taking plaintiffs’ allegations as true, as we must on a motion to dismiss (see Sanders v Winship, 57 NY2d 391, 394), the complaint does not state a cause of action for either abuse of process or prima facie tort.
Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective (Board of Educ. v Farmingdale Classroom Teachers Assn., supra, at p 403). Relevant on this appeal are the first and last of these elements. First, the process used must involve “an unlawful interference with one’s person or property” Williams v Williams, 23 NY2d 592, 596). Insofar as the only process issued in the Suozzi v Párente action was a summons, the process necessary to obtain jurisdiction and begin the lawsuit, there was no unlawful interference with plaintiffs’ persons or property because the institution of a civil action by summons and complaint is not legally considered process capable of being abused (Hoppenstein v Zemek, 62 AD2d 979, 980; see Drago *117 v Buonagurio, 61 AD2d 282, 285, revd on other grounds 46 NY2d 778; Osinoff v Muchnick, 53 AD2d 858, 859). Moreover, plaintiffs have not alleged the “ ‘gist of the action for abuse of process’ ”, which is “ ‘the improper use of process after it is issued’ ” (Williams v Williams, supra, at p 596; Dean v Kochendorfer, 237 NY 384, 390; Miller v Stern, 262 App Div 5, 8). They do not contend that the summons issued by defendants was improperly used after it was issued but only that defendants acted maliciously in bringing the action. A malicious motive alone, however, does not give rise to a cause of action for abuse of process (Hauser v Bartow, 273 NY 370, 374).
The claim that the complaint states a cause of action for prima facie tort was ruled on by Special Term but not addressed by the Appellate Division. Plaintiffs’ contention is that prima facie tort will lie against the defendants for instituting an allegedly baseless lawsuit.
Some years ago this court recognized the general principle that harm intentionally inflicted is prima facie actionable unless justified (see Advance Music Corp. v American Tobacco Co., 296 NY 79; American Guild of Musical Artists v Petrillo, 286 NY 226; Opera on Tour v Weber, 285 NY 348, cert den 314 US 615). That principle has developed into the specific cause of action of prima facie tort consisting of four elements: (1) intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, (4) by an act or series of acts that would otherwise be lawful (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 332; ATI, Inc. v Ruder & Finn, 42 NY2d 454, 458). While prima facie tort may be pleaded in the alternative with a traditional tort, once a traditional tort is established the cause of action for prima facie tort disappears (Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397, 406, supra).
Plaintiffs’ complaint is insufficient to state a cause of action for prima facie tort insofar as it fails to plead special damages (see Howard v Block, 90 AD2d 455; Ginsberg v Ginsberg, 84 AD2d 573, 574) and that the sole motivation for the Suozzi v Párente action was “disinterested malevolence” (see Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333, supra; Reinforce, Inc. v Birney, *118 308 NY 164, 169; Beardsley v Kilmer, 236 NY 80, 90). We need not base our decision upon technical pleading grounds, however, for New York courts have consistently refused to allow retaliatory lawsuits based on prima facie tort predicated on the malicious institution of a prior civil action (see Drago v Buonagurio, 46 NY2d 778, revg 61 AD2d 282, supra; Howard v Block, supra; Ginsberg v Ginsberg, supra; Scully u Genesee Milk Producers’ Coop., 78 AD2d 982, app dsmd 52 NY2d 969; Belsky v Lowenthal, 62 AD2d 319, affd 47 NY2d 820; Knapp Engraving Co. v Keystone Photo Engraving Corp., 1 AD2d 170).
Plaintiffs instituted the present action in obvious retaliation for defendants’ libel suit. As a matter of policy, it would be unwise to allow it to continue for it would constitute a serious misuse of the cause of action for prima facie tort and could lead to inconsistent results, confusion of issues, and a waste of judicial resources. Prima facie tort is designed to provide a remedy for intentional and malicious actions that cause harm and for which no traditional tort provides a remedy. In this action, however, the gravamen of plaintiffs’ second cause of action is one sounding in malicious prosecution, the malicious institution of judicial proceedings without probable cause for doing so which finally ends in failure (see Burt v Smith, 181 NY 1, app dsmd 203 US 129; PJI 3:50). At the very least plaintiffs must await the completion of the Suozzi v Párente action and then bring an action for civil malicious prosecution at which time the merits of their arguments can be assessed properly. On the record before us, it appears unlikely that such an action would be successful because plaintiffs have not alleged an interference with their person or property, an element which is required when the underlying action is civil in nature (see Burt v Smith, supra).
But even assuming an action for malicious prosecution lies after the Suozzi v Parente case is completed, plaintiffs should not be allowed to plead prima facie tort in the alternative. It should not “become a ‘catch-all’ alternative for every cause of action which cannot stand on its legs” (Belsky v Lowenthal, 62 AD2d 319, 323, affd 47 NY2d 820, supra, quoted in Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d, at p 333). By using it, plaintiffs seek to *119 avoid the stringent requirements we have set for traditional torts, such as malicious prosecution, requirements which are necessary to effectuate the strong public policy of open access to the courts for all parties without fear of reprisal in the form of a retaliatory lawsuit. To permit plaintiffs’ action to continue under these circumstances would create a situation where litigation could conceivably continue ad infinitum with each party claiming that the opponent’s previous action was malicious and meritless.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Kaye concur; Judge Meyer taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs.