(January 26, 1987)

■ BARRIER GASOLINE SERVICE, INC., Respondent, v SHORELINE OIL COMPANY, INC., Appellant, et al., Defendants.—In an action, *inter alia,* to enjoin the sale of gasoline under certain trade names, and to recover damages for wrongful interference with certain contractual relationships, the defendant Shoreline Oil Company appeals from (1) an order of the Supreme Court, Westchester County (Cerrato, J.), dated May 15, 1985, which granted the plaintiff's motion to dismiss the appellant's counterclaim to recover damages for abuse of process on the ground that it failed to state a cause of action, and (2) an order of the same court, entered October 1, 1985, which granted the plaintiff's motion to strike the appellant's second set of interrogatories, and denied its cross motion for leave to renew the plaintiff's prior motion to dismiss the counterclaim.

Ordered that the orders are affirmed, with one bill of costs.

The appellant contends that the counterclaim which it asserted in its amended verified answer states facts sufficient to constitute a cause of action for abuse of process. Even presuming that the appellant's allegations are true, as we must on a motion to dismiss *(see, Curiano v Suozzi,* 63 NY2d

---

* We have no occasion, at this juncture, to pass upon the validity of that order.

113, 116; *Williams v Williams,* 23 NY2d 592, 595-596), a review of the pleading indicates that the appellant failed to state the elements essential to a cause of action to recover damages for abuse of process *(see, Curiano v Suozzi,* 63 NY2d 113, 116, *supra).* We therefore agree with Special Term that the preliminary injunction granted to the plaintiff in this case cannot be the predicate for a claim of abuse of legal process.

Special Term also properly denied the appellant's motion for renewal and reconsideration of the plaintiff's prior motion to dismiss the counterclaim, as the affidavits submitted thereon by the appellant did not serve to cure the critical defects in its counterclaim. Finally, as conceded by the appellant, having dismissed the counterclaim, Special Term properly struck the appellant's second set of interrogatories, which were directed toward obtaining information concerning the counterclaim, since the interrogatories were neither material nor necessary to its defense in this action. Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.