**PSI METALS, INC., and D. Christopher McDermott, Plaintiffs–Appellants,**

v.

**FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Defendant–Appellee.**

**No. 576, Docket 87–7772.**

United States Court of Appeals, Second Circuit.

Argued Feb. 4, 1988.

Decided Feb. 5, 1988.

Michael Kelley Maggs, Schenectady, N.Y., for plaintiffs-appellants.

Lawrence E. Becker, Albany, N.Y. (McClung, Peters and Simon, Albany, N.Y., of counsel), for defendant-appellee.

Before TIMBERS, WINTER and ALTIMARI, Circuit Judges.

PER CURIAM:

This appeal presents the question whether our interpretation of the elements of an abuse of process claim under New York law in *Alexander v. Unification Church of America*, 634 F.2d 673, 677–78 (2d Cir. 1980), remains valid after the intervening decision of the New York Court of Appeals in *Curiano v. Suozzi*, 63 N.Y.2d 113, 469 N.E.2d 1324, 480 N.Y.S.2d 466 (1984). Because we agree with the district court that it does not, we affirm.

Plaintiff-appellant Christopher McDermott is a principal shareholder in appellant PSI Metals, Inc., as well as in another corporation, Phelps Steel, Inc. Defendant-appellee Firemen's Fund Insurance Company acted as Phelps Steel's surety on certain construction projects. On or about May 22, 1985, Phelps Steel commenced a state court action against Firemen's Fund in Massachusetts. Firemen's responded in part by filing a third-party complaint in the Massachusetts action against McDermott seeking, among other things, indemnity from McDermott for losses and expenses arising from its dealings with Phelps, including legal fees. Sometime after Phelps' filing of the Massachusetts action, PSI brought an action against Firemen's in state court in New York. Firemen's filed an answer and counterclaim in the New York action once again seeking indemnity for costs expended in the Massachusetts action as well as asserting a right to set-off monies otherwise owed to PSI.

These state court actions are apparently still pending. Nevertheless, PSI and McDermott filed a diversity action in the Northern District of New York (Neal P. McCurn, *Judge*), claiming that Firemen's third-party complaint in the Massachusetts action and its counterclaim in the New York action constituted abuse of process. The district court held that New York law applied to the abuse of process claim arising out of the New York litigation and that Massachusetts law applied to the abuse of process claim arising out of the Massachusetts litigation. The district court then dismissed the entire complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Under New York law, an abuse of process claim "has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." *Curiano*, 63 N.Y.2d at 116, 469 N.E.2d at 1326, 480 N.Y.S.2d at 468.

In *Unification Church*, a case decided four years before *Curiano*, we focused on the third element under New York law, namely the requirement that a party begin an action or cause process to issue for a purpose for which litigation may not properly be instituted. 634 F.2d at 677–78. In that case, we found sufficient to state a cause of action allegations that the Unification Church had instituted an action against "deprogrammers" to compel them to cease their activities in order to avoid the trouble and expense of litigation. However, in *Curiano*, the New York Court of Appeals held that, with respect to the first element of an abuse of process action —"regularly issued process, either civil or criminal"—"the institution of a civil action by summons and complaint is not legally considered process capable of being abused." 63 N.Y.2d at 116–17, 469 N.E.2d at 1326, 480 N.Y.S.2d at 468.

In the present case, the district court held that under *Curiano*, there could be no abuse of process claim where the only process employed by the defendant was the filing of an answer and counterclaim. We agree that this is the plain meaning of the New York Court of Appeals' decision in *Curiano*, and that under the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.

1188 (1938), this is the law we must apply in diversity cases. Accordingly, we affirm the judgment of the district court.[1]

---

1. The district court held correctly that Massachusetts law applied to the claims arising out of the Massachusetts action. Although the district court found that Massachusetts law was more favorable to plaintiffs, in that the mere service of a complaint can satisfy the "use of process" element of the claim, the court concluded that plaintiffs failed to allege the "ulterior purpose" required for such a claim under Massachusetts law. We agree that plaintiffs' complaint alleges

no more than that Firemen's intended plaintiffs to expend monies in litigating the third-party claim, and that this is not an "ulterior motive" under Massachusetts law. *See Broadway Management Servs. Ltd. v. Cullinet Software, Inc.*, 652 F.Supp. 1501, 1503 (D.Mass.1987) ("no Massachusetts case has held that an intention to cause a party to expend substantial time and money to defend against the claims in a suit constitutes an 'ulterior motive' ").