Daniel MALDONADO, Plaintiff,

v.

David PHARO, in his individual capacity, and United States of America, Defendants.

No. 95 Civ. 10183(BDP).

United States District Court, S.D. New York.

Sept. 12, 1996.

James I. Meyerson, New York City, for Plaintiff.

Daniel S. Alter, Asst. U.S. Atty., U.S. Attorney's Office, New York City, for Defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiff Daniel Maldonado ("Maldonado") brings this action against defendant Daniel Pharo ("Pharo") and the United States under the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)[1] for violations of his constitutional rights, and for false arrest, malicious prosecution, and malicious abuse of criminal process, pursuant to the Federal Tort Claims Act ("FTCA"). Before the Court are defendants' motion for partial summary judgment, and defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[2]

### FACTS

On May 28, 1995, Maldonado was rafting on the Upper Delaware River in New York State with two companions, David Wheeler and Roger Mora. The trip was part of an annual Memorial Day outing which Maldonado had attended for approximately eighteen years.

Pharo, National Park Service Ranger, was canoeing on the Delaware River on May 28, when he approached the three men and asked them what they were doing. Maldonado told him that they were rowing and that their raft was taking in water. Pharo then instructed them to stop what they were doing and go to shore. Once on shore, Pharo produced a white cylinder container that he claimed he found floating up from underneath the raft. He asked the men, "what is this?" The container in fact held .95 grams of marijuana.

Pharo requested to search the raft, and Maldonado consented. After searching and finding no drugs, Pharo radioed in a call that he had detained three "Hispanic males." Neither Maldonado nor any of his companions had informed Pharo that they were in fact Hispanic. Pharo then gave Maldonado a Notice of Violation for the unlawful possession of a controlled substance (less than one ounce) which ordered him to appear in the United States District Court for the Southern District of New York on July 13, 1995.

Many of the facts pertaining to the May 28 incident are in dispute. Maldonado claims he had never been in possession of the container, nor was in he possession of any marijuana at any point during the rafting trip, and that Pharo had no legitimate reason to detain him and his companions.

Pharo tells a much different story. He claims that when he pulled up alongside Maldonado in the river, he saw Maldonado holding a white object that resembled a cigarette, and that Maldonado subsequently thrust this object into the river. Pharo also claims that, upon questioning Maldonado, he detected an

---

1. *Bivens* generally provides that victims of constitutional violations by a federal agent have a right to recover damages against the official in federal court despite the absence of a statute conferring such a right. *Carlson v. Green*, 446 U.S. 14, 20, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980).

2. Defendants also seek severance of Maldonado's FTCA claim for false arrest, and request this Court to hold an evidentiary hearing for the purpose of resolving the issue of probable cause. The court reserves on the severance issue until its case status conference.

odor of marijuana on plaintiff's breath. He further claims that he observed the white container float to the surface from underneath Maldonado's raft. Finally, he claims that Maldonado was belligerent and uncooperative, repeatedly disobeying Pharo's orders to remain seated during the event.

Maldonado appeared before United States Magistrate Judge Goldberg at the United States District Court for the Southern District of New York on July 13, 1995. His attorney advised the Court that Maldonado planned to plead not guilty to the charge of unlawful possession of less than one ounce of marijuana. Judge Goldberg directed him to return on August 17, 1995. On that date, the government moved to dismiss the charges against Maldonado. Counsel from the United States Attorney's Office stated that "based on further investigation by the government and the circumstances surrounding the issuance of the citation, the government moves to dismiss." The Court granted the motion, and criminal charges against Maldonado for the incident on May 28, 1995 were dismissed. This litigation followed.

Maldonado brings *Bivens* claims for false arrest and malicious prosecution under the Fourth and Fourteenth Amendments to the Constitution against Pharo. He further brings *Bivens* claims for malicious abuse of process and violation of Equal Protection under the Fifth and Fourteenth Amendments to the Constitution against Pharo. Maldonado also brings the claims for false arrest, malicious prosecution, and malicious abuse of process against the United States, pursuant to the FTCA.

Defendants move pursuant to Fed.R.Civ.P. 56 for summary judgment on Maldonado's malicious prosecution claims and malicious abuse of process claims, and move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss his Equal Protection claim. Defendants also request that this Court bifurcate the FTCA false arrest claim, and to hold an evidentiary hearing to resolve the issue of probable cause.

## DISCUSSION

### A. Summary Judgment Motion

#### 1. Standard

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if:

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The court's responsibility is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *McNeil v. Aguilos*, 831 F.Supp. 1079, 1082 (S.D.N.Y.1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)).

The responding party "must set forth facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A summary judgment motion cannot be defeated through mere speculation or conjecture. See *Pollis v. New School for Social Research*, 829 F.Supp. 584, 589 (S.D.N.Y.1993) (citing *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990) (other citations omitted)). Rather, the responding party must show the existence of a disputed material fact in light of the substantive law. See *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See *McNeil*, 831 F.Supp. at 1082 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam) (other citations omitted)). *See also Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir.1991) (citing *Knight v. U.S. Fire Ins.*, 804 F.2d 9 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987)) (other citations omitted).

#### 2. Malicious Prosecution

Maldonado asserts two claims for malicious prosecution. First he sues the United States under the FTCA. To deter-

mine whether plaintiff has proven these claims, we must apply the law of New York, as the events giving rise to the malicious prosecution claim occurred here. In New York, to recover on a claim of malicious prosecution, a plaintiff must establish that (1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted in actual malice. *Russo v. State of New York*, 672 F.2d 1014, 1018 (2d Cir.1982) (citations omitted).

### a. Malicious Prosecution Under the FTCA

 Pharo argues that we should grant him summary judgment on this claim because the proceedings were not terminated in Maldonado's favor. "Proceedings are 'terminated in favor of the accused' when their final disposition is such as to indicate that the accused is not guilty." *Singleton v. City of New York*, 632 F.2d 185, 193 (2d Cir.1980). However if the factual basis for a dismissal of a criminal proceeding is unclear or genuinely in dispute, summary judgment is inappropriate. See *Rounseville v. Zahl*, 13 F.3d 625, 629 (2d Cir.1994); *Niemann v. Whalen*, 911 F.Supp. 656, 669 (S.D.N.Y.1996); See also *Conway v. Village of Mount Kisco*, 750 F.2d 205, 215 (2d Cir.1984) ("whether there was a favorable termination for [accused] is for the jury and the district court to determine as a matter of fact and law.").

In the present case, it is unclear why the government did not ultimately pursue drug charges against Maldonado.[3] In its motion to dismiss the charges against Maldonado, the government merely indicated that "based on further circumstances surrounding the issuance of this action, the government moves to dismiss". Accordingly, we find that Maldonado may proceed with his malicious prosecution claim under the FTCA.

### b. Malicious Prosecution Under Bivens

 Maldonado asserts his second malicious prosecution claim against Pharo under Bivens. Though *Bivens* provides a means of recovery for deprivations of constitutional rights by federal officials, Maldonado has failed to demonstrate a deprivation of liberty in violation of his Fourth Amendment rights. In support, Maldonado relies on *Niemann v. Whalen*, 911 F.Supp. 656 (S.D.N.Y.1996). There, plaintiff brought a § 1983 claim for malicious prosecution, claiming that a state police investigator and bank employees conspired to coerce her confession to a theft. *Niemann*, 911 F.Supp. at 663. The Court held that in order to make out a claim for malicious prosecution under the Constitution, the plaintiff had to demonstrate that she had suffered a constitutional injury. 911 F.Supp. at 669–670; See also *Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir.1995) (holding that "plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must ... show some deprivation of liberty consistent with the concept of 'seizure,'" in addition to satisfying the four common law elements). The court held that the plaintiff did not meet this standard, in that the mere requirement that she appear before the court for hearings or trial at some later date did not constitute the requisite constitutional injury when she did not have to pay bail, and did not suffer any restrictions on travel. *Niemann*, 911 F.Supp. at 670.

Similarly, Maldonado was not required to pay any bail, nor was his right to travel restricted. Accordingly, we find that the mere court-imposed obligation to return for proceedings on August 17, 1995 does not satisfy the constitutional "seizure" requirement, nor does the unsubstantiated psychological trauma allegedly suffered as a result of the charges pending against him.

Accordingly, defendants' motion for summary judgment dismissing Maldonado's

---

3. Maldonado claims that the government opted to dismiss the drug charges because of the weakness of its case against him. On August 17, 1995 the prosecution indicated that "based on further investigation by the government and the circumstances surrounding the issuance of the citation, the government moves to dismiss." Defendants claim that the motion to dismiss was done in the interest of justice, as their primary witness, David Pharo, had been relocated to Florida. As proof, they introduce a letter from a legal assistant dated August 14, 1995, addressed to Maldonado's attorney stating that the case would be dismissed "in the interest of justice."

Fourth Amendment claim for malicious prosecution is granted. However, we deny defendants' motion for summary judgment with respect to Maldonado's malicious prosecution claim under the FTCA, as he is only required to show "seizure" in his Fourth Amendment claim. *Singer*, 63 F.3d at 116. The FTCA claim raises an issue of material fact that precludes summary judgment, i.e., whether or not the criminal proceedings were terminated in Maldonado's favor.

### 3. Malicious Abuse of Criminal Process (FTCA)

The tort of malicious abuse of process has three elements: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." *Jeff Isaac Rare Coins, Inc. v. Yaffe*, 792 F.Supp. 13, 17 (E.D.N.Y.1992); *Curiano v. Suozzi*, 63 N.Y.2d 113, 480 N.Y.S.2d 466, 468, 469 N.E.2d 1324, 1326 (1984). However, a plaintiff also must establish a subsequent unlawful interference with his or her person or property, in the form of being compelled to perform or forebear some act. *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir.1994); *Lopez v. City of New York*, 901 F.Supp. 684, 691 (S.D.N.Y. 1995); *Jeff Isaac Rare Coins, Inc.*, 792 F.Supp. at 17. Without more, the institution of proceedings against the plaintiff is insufficient to meet this standard. *Lopez*, 901 F.Supp. at 692; *Jeff Isaac Rare Coins, Inc.*, 792 F.Supp. at 17; *Curiano*, 480 N.Y.S.2d at 468–469, 469 N.E.2d at 1326–1327.

Maldonado alleges that, despite not having been incarcerated or forced to pay bail, he was nevertheless put in "constructive custody" of the Court when he was given his August 17 appearance date. However, this argument was considered and rejected in *Lopez*. There, the plaintiffs were arrested and issued "DAT's" (Desk Appearance Tickets), after which they were sent home. 901 F.Supp. at 692. The District Attorney later declined to prosecute the case, claiming in a press release that charges could not be proven beyond a reasonable doubt. *Lopez*, 901 F.Supp. at 687. Plaintiffs subsequently brought abuse of process claims against the police and the City of New York. The Court held that the fact that the plaintiffs were required to appear in court at a later date in response to their summonses did not make out an abuse of those summonses. *Lopez*, 901 F.Supp. at 692.

Thus, by alleging no more than a psychological form of "constructive custody", Maldonado has failed to make out a claim for malicious abuse of process. Accordingly, defendants' motion for summary judgment dismissing Maldonado's abuse of process claims under the FTCA and under the Constitution is granted.[4]

### B. Motion to Dismiss under Fed.R.Civ.P. 12(b)(6)

#### 1. Standard

A complaint must be dismissed under Fed.R.Civ.P. 12(b)(6) only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Easton v. Sundram*, 947 F.2d 1011, 1014 (2d Cir.1991), *cert. denied*, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). In addition, in deciding a motion to dismiss, the Court must read the facts alleged in the complaint "generously" drawing all reasonable inferences in favor of the party opposing the motion. *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989). The

---

4. Defendants also assert that Maldonado's Fifth Amendment abuse of process claim fails because such an action may only be brought under the Fourth Amendment. In *Singer*, the Second Circuit indeed held that constitutional claims for deprivation of liberty must be examined on Fourth Amendment standards, not on Fifth Amendment/Due Process standards. *Singer*, 63 F.3d at 115–116 (citing *Albright v. Oliver*, 510 U.S. 266, 269–271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994)); *See also Velaire v. City of Schenectady*, 862 F.Supp. 774, 779 (N.D.N.Y. 1994) (" ... the Fourth Amendment is a more specific regulation of arrests and seizures and is the more appropriate vehicle to present such claims under § 1983."). However, even if Maldonado had sought relief under the Fourth Amendment, he would still not have met the basic common law requirements of the abuse of process claim. Accordingly, we dismiss both claims, under the FTCA and under the Constitution.

trial court's role is to appraise the legal merits of the complaint and not to weigh the evidence which might be introduced at trial. *See Ricciuti v. New York City Transit Authority,* 941 F.2d 119, 124 (2d Cir.1991) (plaintiff is not compelled to prove her case at the pleading stage). The issue "is not whether the a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Finally, the trial court should grant a Rule 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102).

### 2. Equal Protection (Bivens)

■ Maldonado alleges that Pharo charged him because of his national origin in violation of the equal protection clause. As evidence of Pharo's racial bias. Maldonado points to Pharo's use of the word "Hispanic", when Pharo had not confirmed that Maldonado and his companions were in fact Hispanic.

To make out an Equal Protection claim under the Constitution, Maldonado must show that an invidious discriminatory purpose was a motivating factor in Pharo's actions on May 28, 1995. *Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 265–266, 97 S.Ct. 555, 563–564, 50 L.Ed.2d 450 (1977); *Washington v. Davis,* 426 U.S. 229, 240, 96 S.Ct. 2040, 2047–2048, 48 L.Ed.2d 597 (1976). While the use of racial slurs may be ample evidence to survive summary judgment on an equal protection claim, see *Lorenzana v. Mette,* 1995 WL 461860 (N.D.Ill.1995), the use of the word "hispanic," in the context of the facts in this lawsuit, does not sufficiently give rise to an inference of invidious discriminatory intent.

### CONCLUSION

For the reasons stated, the Court grants Pharo's motion to dismiss Maldonado's Bivens' claims for malicious prosecution and equal protection in addition to his FTCA claim for abuse of process and denies the motion with respect to Maldonado's FTCA claims for malicious prosecution.

**SO ORDERED.**