■ PACIFIC CARLTON DEVELOPMENT CORP. et al., Appellants, v 752 PACIFIC ST. CORP. et al., Respondents. [968 NYS2d 802]—

In an action to recover damages for malicious prosecution and abuse of process, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated January 3, 2011, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging abuse of process.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs contend that the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for abuse of process. We disagree. The three essential elements of the tort of abuse of process are "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). Under the facts alleged herein, the plaintiffs failed to state a cause of action to recover damages for abuse of process (*see Curiano v Suozzi*, 63 NY2d 113 [1984]; *Greco v Christoffersen*, 70 AD3d 769, 770 [2010]). Accordingly, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss that cause of action was properly granted.

The plaintiffs' remaining contention refers to matter dehors the record and, thus, is not properly before this Court. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.