*Raus v. Town of Southampton*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

_____

Karen L. Raus,

> *Plaintiff-Appellant*,

> v.                                                                No. 15-1915

Town of Southampton, Long Island, New York, Anna Throne-Holst, Town Supervisor for the Town of Southampton, its Board of Trustees of the Feeholders and Commonality of the Town of Southampton, Tiffany Scarlato, as Town Attorney for the Town of Southampton, its Board of Trustees of the Freeholders and Commonality of the Town of Southampton, David Betts, Chief Town Investigator for the Town of Southampton, its Board of Trustees of the Freeholders and Commonality of the Town of Southampton, J. Brian Dwyer, Ordinance Inspector for the Town of Southampton, its Board of Trustees of the Freeholders and Commonality of the Town of Southampton,

> *Defendants-Appellees,*

Sundy Schermeyer, Town Clerk for the Town of
Southampton, its Board of Trustees of the
Freeholders and Commonality of the Town of
Southampton, Kathleen Murray, as Deputy Town
Attorney for the Town of Southampton, its Board of
Trustees of the Freeholders and Commonality of the
Town of Southampton,

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:    Karen L. Raus, pro se, Oldsmar, FL.

FOR DEFENDANTS-APPELLEES:    Kelly E. Wright and David H. Arntsen,
Devitt Spellman Barrett, LLP, Smithtown,
NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Karen L. Raus, proceeding pro se, appeals from the district court's dismissal of her complaint, which asserted abuse of process, due process, and equal protection claims under 42 U.S.C. § 1983 and state law. Raus's claims related to citations she received for violations of the Town of Southampton's code. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) de novo, accepting all factual allegations in the complaint as true." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 796 (2d Cir. 2014). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "[a] claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Although we affirm the district court's dismissal of most of Raus's claims for substantially the same reasons provided by the district court, we affirm the dismissal of her state-law claim for abuse of process on alternative grounds. The district court dismissed this claim as time-barred, but, on appeal, Raus correctly argues that her claim was timely. Under New York General Municipal Law § 50-e, a plaintiff must serve a notice of claim within 90 days of the events giving rise to the claim. *Village of Valley Stream v. Zulli*, 406 N.Y.S.2d 534, 535 (2d Dep't 1978). Under New York law, an abuse-of-process claim accrues when the plaintiff last "appeared under compulsion of the abused process." *Id.* at 536. Here, Raus appeared in court pursuant to an appearance ticket on October 26, 2012; her December 11, 2012 notice of claim was therefore timely.

We affirm, however, on the alternative ground that Raus's complaint insufficiently states a claim. To state a claim for abuse of process under New York law, a plaintiff must allege the existence of three elements: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." *Curiano v. Suozzi*, 469 N.E.2d 1324, 1326 (N.Y. 1984). Here, Raus's complaint does not allege that the Town ticketed her without justification; rather, her complaint identifies the Town's justifications for its citations, and she in fact pleaded guilty to some of the violations that the Town identified.

Aside from Raus's state-law claim for abuse of process, we agree with the district court's reasons for dismissing Raus's remaining claims. First, on a motion to dismiss, a district court restricts its review to the facts alleged in the complaint, documents attached to the complaint, and documents incorporated into the complaint by reference. *See Gregory v. Daly*, 243 F.3d 687, 691

3

(2d Cir. 2001). On appeal, Raus identifies multiple pieces of evidence that are extraneous to her complaint that she contends support her various claims, but, of course, we do not consider such extraneous evidence on review of a motion to dismiss. For example, Raus points to evidence outside her complaint concerning Defendants-Appellees Anna Throne-Holst and Tiffany Scarlato. The district court dismissed Raus's claims against those individuals because her complaint lacks any specific allegation of their personal involvement, and we affirm that dismissal for the same reason.

Second, the district court correctly concluded that Raus did not suffer a due process violation because she was afforded access to court to contest her citations and, even assuming that process was somehow corrupted or inadequate, she had access to an adequate additional remedy: an Article 78 proceeding. *See N.Y. State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 167–69 (2d Cir. 2001); *see also Bello v. Walker*, 840 F.2d 1124, 1128 (3d Cir. 1988). Raus argues that it was not "reasonable" for the district court to suggest that, as a pro se litigant, she would have known to pursue an Article 78 proceeding. But Raus was represented by counsel in the district court and she also consulted an attorney about her perceived harassment at the hands of the Town's code enforcers and the related proceedings in the Southampton Town Justice Court. *See* Am. Compl. ¶ 53.

Third, the district court properly dismissed Raus's equal protection claim because her factual allegations failed to adequately show that the Town treated her differently from other similarly situated homeowners. *See, e.g.*, *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 500 (2d Cir. 2001). "Moreover, equal protection does not require that all evils of the same genus be eradicated or none at all." *LeClair v. Saunders*, 627 F.2d 606, 608 (2d Cir. 1980) (citing *Ry. Express Agency, Inc. v. New York*, 336 U.S. 106, 109–10 (1949)).

4

Fourth, the district court dismissed all of Raus's § 1983 claims that were based on conduct occurring more than three years before she filed her complaint. We liberally construe Raus's appellate brief to argue that these claims were timely under the continuing violation doctrine. Although the continuing violation doctrine can apply to an equal protection claim challenging a continuous practice and policy of discrimination, *see Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013), it cannot save a time-barred claim that is based on discrete acts, even if the discrete acts were "pursuant to a general policy that result[ed] in other discrete acts occurring within the limitations period," *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 157 (2d Cir. 2012).

We have considered all of Raus's remaining arguments on appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk