Pinkesz Mut. Holdings, LLC v Pinkesz (2021 NY Slip Op 05359)





Pinkesz Mut. Holdings, LLC v Pinkesz


2021 NY Slip Op 05359


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-00216
2019-00218
 (Index No. 507958/13)

[*1]Pinkesz Mutual Holdings, LLC, plaintiff-appellant,
v
Edward Pinkesz, etc., et al., defendants third-party plaintiffs-respondents, Joel Wurtzberger, defendant- appellant, et al., defendants; Saul E. Feder, etc., et al., third-party defendants-appellants, et al., third-party defendants.


Amhuty, Demers & McManus LLP, Albertson, NY (Susan Mauro of counsel), for plaintiff-appellant and third-party defendant-appellant Shirley Elfie Life Trust.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains, NY (Robert A. Spolzino of counsel), for defendant-appellant.
Winget, Spadafora & Schwartzberg LLP, New York, NY (Anthony D. Green and Alexander A. Truitt of counsel), for third-party defendants-appellants Saul E. Feder and Regosin, Edwards, Stone & Feder.
J. Singer Law Group, PLLC, New York, NY (Jeb Singer of counsel), for third-party defendants-appellants Alan Rubenstein and Abraham Leifer and third-party defendant Horowitz & Rubenstein, LLC.
Herrick, Feinstein LLP, named herein as Herrick Feinstein, LLP, New York, NY (Scott E. Mollen of counsel), third-party defendant-appellant pro se and for third-party defendant-appellant Janice Goldberg.
Law Office of Susie Chovev, Esq., PLLC, Woodmere, NY, for defendant third-party plaintiff-respondent Edward Pinkesz.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff and the third-party defendant Shirley Elfie Life Trust appeal, the defendant Joel Wurtzberger separately appeals, the third-party defendants Saul E. Feder and Regosin, Edwards, Stone & Feder separately appeal, the third-party defendants Alan Rubenstein and Abraham Leifer separately appeal, and the third-party defendants Janice Goldberg and Herrick Feinstein, LLP, separately appeal, from two orders of the Supreme Court, Kings County (Johnny Lee Baynes, J.), both dated November 20, 2018. The orders, insofar as appealed from by the plaintiff and the third-party defendant Shirley Elfie Life Trust, denied their motion pursuant to CPLR 3211(a) to dismiss the counterclaims of the defendants third-party plaintiffs Edward Pinkesz and Anthony Pinkesz and the third-party complaints insofar [*2]as asserted against the third-party defendant Shirley Elfie Life Trust. The orders, insofar as appealed from by the defendant Joel Wurtzberger, denied that branch of the motion of that defendant and the third-party defendants Janice Goldberg and Herrick Feinstein, LLP, which was pursuant to CPLR 3211(a) to dismiss the cross claims asserted against him by the defendants third-party plaintiffs Edward Pinkesz and Anthony Pinkesz. The orders, insofar as appealed from by the third-party defendants Saul E. Feder and Regosin, Edwards, Stone & Feder, denied their motion pursuant to CPLR 3211(a) to dismiss the third-party complaint of the defendant third-party plaintiff Edward Pinkesz insofar as asserted against them and denied their separate motion pursuant to CPLR 3211(a) to dismiss the third-party complaint of the defendant third-party plaintiff Anthony Pinkesz insofar as asserted against them. The orders, insofar as appealed from by the third-party defendants Alan Rubenstein and Abraham Leifer, denied the motion of those third-party defendants and the third-party defendant Horowitz & Rubenstein, LLC, pursuant to CPLR 3211(a) to dismiss the third-party complaints insofar as asserted against them. The orders, insofar as appealed from by the third-party defendants Janice Goldberg and Herrick Feinstein, LLP, denied that branch of the motion of the defendant Joel Wurtzberger and those third-party defendants which was pursuant to CPLR 3211(a) to dismiss the third-party complaints insofar as asserted against them.
ORDERED that the orders are modified, on the law, (1) by deleting the provision thereof denying the motion of the plaintiff and the third-party defendant Shirley Elfie Life Trust pursuant to CPLR 3211(a) to dismiss the counterclaims of the defendants third-party plaintiffs Edward Pinkesz and Anthony Pinkesz and the third-party complaints insofar as asserted against the third-party defendant Shirley Elfie Life Trust, and substituting therefor a provision granting the motion, (2) by deleting the provision thereof denying the motion of the third-party defendants Saul E. Feder and Regosin, Edwards, Stone & Feder pursuant to CPLR 3211(a) to dismiss the third-party complaint of the defendant third-party plaintiff Edward Pinkesz insofar as asserted against them, and substituting therefor a provision granting the motion, (3) by deleting the provision thereof denying the motion of the third-party defendants Saul E. Feder and Regosin, Edwards, Stone & Feder pursuant to CPLR 3211(a) to dismiss the third-party complaint of the defendant third-party plaintiff Anthony Pinkesz insofar as asserted against them, and substituting therefor a provision granting the motion, (4) by deleting the provision thereof denying the motion of the third-party defendants Alan Rubenstein, Horowitz & Rubenstein, LLC, and Abraham Leifer pursuant to CPLR 3211(a) to dismiss the third-party complaints insofar as asserted against them, and substituting therefor a provision granting the motion, and (5) by deleting the provisions thereof denying those branches of the motion of the defendant Joel Wurtzberger and the third-party defendants Janice Goldberg and Herrick Feinstein, LLP, which were pursuant to CPLR 3211(a) to dismiss (a) the third-party complaints insofar as asserted against the third-party defendants Janice Goldberg and Herrick Feinstein, LLP, (b) the cross claims asserted against the defendant Joel Wurtzberger by the defendant third-party plaintiff Edward Pinkesz for common-law indemnification and alleging abuse of process, conspiracy to commit fraud, and civil fraud upon the court, and (c) the cross claims asserted against the defendant Joel Wurtzberger by the defendant third-party plaintiff Anthony Pinkesz for common-law indemnification and alleging abuse of process and fraud, and substituting therefor provisions granting those branches of the motion; as so modified, the orders are affirmed insofar as appealed from, with one bill of costs to the appellants appearing separately and filing separate briefs, payable by the defendants third-party plaintiffs.
In December 2013, the plaintiff, Pinkesz Mutual Holdings, LLC (hereinafter PMH), commenced this action against, among others, the defendants Joel Wurtzberger, Edward Pinkesz, and Anthony Pinkesz, asserting, inter alia, causes of action sounding in breach of contract, fraud, and breach of fiduciary duty, and seeking related equitable relief.
After extensive pre-answer motion practice, including a motion to compel arbitration, various motions to dismiss the complaint, a cross motion for the imposition of sanctions, and a motion to compel discovery, Edward and Anthony each joined issue, asserting various cross claims against Wurtzberger and counterclaims against PMH, and commencing separate third-party actions against Saul E. Feder, Regosin, Edwards, Stone & Feder (hereinafter RESF), Alan Rubenstein, Horowitz & Rubenstein, LLC (hereinafter Horowitz & Rubenstein), Abraham Leifer, Shirley Elfie Life Trust (hereinafter the Trust), Janice Goldberg, Herrick Feinstein, LLP (hereinafter Herrick [*3]Feinstein), and another third-party defendant. Edward asserted cross claims, counterclaims, and/or third-party causes of action alleging abuse of process, conspiracy to commit fraud, civil fraud upon the court, and violations of Judiciary Law § 487, and seeking common-law indemnification and contribution. Anthony asserted cross claims, counterclaims, and/or third-party causes of action alleging abuse of process, breach of contract, fraud, and violations of Judiciary Law § 487, and seeking common-law indemnification and contribution.
Feder and RESF moved pursuant to CPLR 3211(a)(7) to dismiss Edward's third-party complaint insofar as asserted against them, and separately moved pursuant to CPLR 3211(a)(7) to dismiss Anthony's third-party complaint insofar as asserted against them. Wurtzberger, Goldberg, and Herrick Feinstein moved pursuant to CPLR 3211(a)(1) and (7) to dismiss Edward's and Anthony's cross claims asserted against Wurtzberger and the third-party complaints insofar as asserted against Goldberg and Herrick Feinstein. PMH and the Trust moved pursuant to CPLR 3211(a)(7) to dismiss the counterclaims and the third-party complaints insofar as asserted against the Trust. Rubenstein, Horowitz & Rubenstein, and Leifer moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the third-party complaints insofar as asserted against them.
After hearing oral argument on February 13, 2018, the Supreme Court made a determination on the record to deny, without prejudice, all of the motions to dismiss, "subject to renewal after expedited discovery is conducted and completed." On November 20, 2018, the court so-ordered the transcript of the February 13, 2018 proceedings and issued a separate order denying the motions under the same conditions. PMH and the Trust, Feder and RESF, Rubenstein and Leifer, Goldberg and Herrick Feinstein, and Wurtzberger (hereinafter collectively the appellants) separately appeal from both orders.
All of the appellants demonstrated, pursuant to CPLR 3211(a)(7), their entitlement to dismissal of the cross claims, counterclaims, and/or third-party causes of action alleging abuse of process insofar as asserted against each of them by Edward and Anthony. To the extent the allegations of abuse of process are predicated upon the commencement of this action, "the mere commencement of a civil action cannot serve as the basis for a cause of action alleging abuse of process" (Influx Capital, LLC v Pershin, 186 AD3d 1622, 1625; see Curiano v Suozzi, 63 NY2d 113, 116). The remaining allegations either fail to allege that process was issued "compelling the performance or forbearance of some prescribed act" (Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397, 403) or involving "an unlawful interference with one's person or property" (Curiano v Suozzi, 63 NY2d at 116 [internal quotation marks omitted]), or fail to otherwise allege that any such regularly issued process was motivated by an intent to do harm "without excuse or justification" (id.).
The Supreme Court should have granted dismissal of Anthony's counterclaim alleging breach of contract against PMH and third-party cause of action alleging breach of contract insofar as asserted against the Trust, Rubenstein, and Leifer, as Anthony does not allege the existence of any contract between himself and those parties, and "[o]ne cannot be held liable under a contract to which he or she is not a party" (Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965). However, the court properly denied dismissal of Anthony's cross claim alleging breach of contract against Wurtzberger, which was sufficiently pleaded (see Stewart v Berger, 192 AD3d 940).
In addition, the Supreme Court should have granted dismissal of Anthony's cross claims, counterclaims, and third-party causes of action alleging fraud insofar as asserted against each of the appellants. The cross claims alleging fraud against Wurtzberger are duplicative of the cross claim alleging breach of contract against Wurtzberger (see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805), and the allegations of fraud asserted against the remaining parties failed to properly plead all of the requisite elements of fraud with sufficient particularity (see CPLR 3016[b]; Orchid Constr. Corp. v Gonzalez, 89 AD3d 705, 707-708). For the same reasons, the court should have granted dismissal of Edward's cross claim, counterclaim, and third-party cause of action alleging conspiracy to commit fraud, which are predicated on substantially similar allegations of wrongdoing, insofar as asserted against each of the appellants.
The Supreme Court also should have granted dismissal of Edward's and Anthony's third-party causes of action alleging violations of Judiciary Law § 487, which are asserted against Rubenstein, Horowitz & Rubenstein, Feder, RESF, Goldberg, and Herrick Feinstein. As a threshold matter, neither Rubenstein nor Horowitz & Rubenstein are alleged to have acted as attorneys in this action, and Judiciary Law § 487 "applies to an attorney acting in his or her capacity as an attorney, not to a party who is represented by counsel and who, incidentally, is an attorney" (Oakes v Muka, 56 AD3d 1057, 1058). The allegations of wrongdoing against Feder, RESF, Goldberg, and Herrick Feinstein are equally deficient inasmuch as they fail to allege specific facts from which it could be reasonably inferred that Feder, RESF, Goldberg, and Herrick Feinstein acted with the requisite degree of scienter (see Sammy v Haupel, 170 AD3d 1224, 1225), and/or otherwise fail to allege specific facts from which it could be inferred that the alleged deceit was the proximate cause of any injury to Edward or Anthony (see Parks v Leahey & Johnson, 81 NY2d 161, 164-165; Gumarova v Law Offs. of Paul A. Boronow, P.C., 129 AD3d 911, 912).
Further, the Supreme Court should have granted dismissal of Edward's cross claim, counterclaim, and third-party cause of action alleging civil fraud upon the court insofar as asserted against each of the appellants. Even assuming, without deciding, that judicially sanctionable conduct during the course of litigation can give rise to a private cause of action for damages outside of Judiciary Law § 487 (cf. Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d 173, 178; see generally CDR Créances S.A.S. v Cohen, 23 NY3d 307, 315; ), no such cause of action has been pleaded in this case (see DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 775).
Finally, the Supreme Court should have granted dismissal of Edward's and Anthony's cross claims against Wurtzberger seeking common-law indemnification. Neither Edward nor Anthony allege that Wurtzberger owed a duty to them, which is "an essential element of a cause of action sounding in common-law indemnification" (Razdolskaya v Lyubarsky, 160 AD3d 994, 997; see Raquet v Braun, 90 NY2d 177, 183).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court