■ HENRY PEREZ, Appellant, v MOUNT SINAI MEDICAL CENTER, Respondent, et al., Defendants. [747 NYS2d 479]

Although the fight between plaintiff and other Mount Sinai employees that led to plaintiff's arrest and his subsequent discharge from employment occurred at a party apparently sponsored by Mount Sinai, there is no evidentiary support for plaintiff's contention that the employees involved were acting on behalf of Mount Sinai or in furtherance of its business when they reported the incident to the police. The employees' conduct was precipitated by a personal matter and their actions did not fall within the scope of their employment (*see Stavitz v City of New York*, 98 AD2d 529, 531). Summary judgment dismissing the complaint for malicious prosecution as against Mount Sinai was therefore proper. Also proper was the motion court's dismissal of the remaining cause, for abuse of process, against Mount Sinai. No cause of action for abuse of process was stated against Mount Sinai since plaintiff did not allege that Mount Sinai made perverse use of the orders of protection issued by Criminal Court against plaintiff to obtain a collateral objective

(*see Curiano v Suozzi*, 63 NY2d 113, 116). Concur—Nardelli, J.P., Saxe, Ellerin, Rubin and Friedman, JJ.