■ ALFRED A. VALERIANO, Appellant, v ROME SENTINEL COMPANY, Respondent. [842 NYS2d 805]—

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered June 16, 2006. The order granted defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that

defendant wrongfully published his name, address, date of birth and Social Security number in its daily newspaper along with information concerning 12 other individuals in connection with their alleged involvement in an illegal sports gambling operation. Supreme Court properly granted defendant's preanswer motion to dismiss the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]). The complaint does not state a valid cause of action for violation of Civil Rights Law § 50 because the information was published by defendant in a "newsworthy article" and was not used for advertising or trade purposes (*Messenger v Gruner + Jahr Print. & Publ.*, 94 NY2d 436, 441 [2000]; *see generally Walter v NBC Tel. Network, Inc.*, 27 AD3d 1069, 1070 [2006], *lv denied* 7 NY3d 703 [2006]). Further, the complaint does not state a valid cause of action for negligence. Defendant is not a government or private entity with a statutory, contractual or fiduciary duty to protect the confidentiality of plaintiff's personal information, and plaintiff's purported negligence cause of action is thus "the functional equivalent of a common-law privacy tort" (*Madden v Creative Servs.*, 84 NY2d 738, 747 [1995]), a tort not recognized in New York (*see Messenger*, 94 NY2d at 441; *see generally Howell v New York Post Co.*, 81 NY2d 115, 122-124 [1993]). Indeed, the failure to dismiss plaintiff's negligence cause of action would result in the "circumvent[ion of] established privacy law" (*Madden*, 84 NY2d at 747). Plaintiff contends for the first time on appeal that the complaint states a cause of action for intentional, reckless or negligent infliction of emotional distress, and we therefore do not consider that contention (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.