# SUPREME COURT OF THE STATE OF NEW YORK
### *Appellate Division, Fourth Judicial Department*

**714**

**CA 12-00243**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

CHESTER LISS, PLAINTIFF-APPELLANT,

V                                                        MEMORANDUM AND ORDER

MARY FORTE AND CARL FORTE,
DEFENDANTS-RESPONDENTS.

---

LAW OFFICES OF MARK DAVID BLUM, MANLIUS (MARK DAVID BLUM OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (MANUEL P. KARAM OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered December 7, 2011. The order granted the motion of defendants for partial summary judgment dismissing plaintiff's abuse of process cause of action.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order granting defendants' motion for partial summary judgment dismissing the cause of action for abuse of process. By that cause of action, plaintiff alleged that Mary Forte (defendant) maliciously filed a false criminal complaint against him with the police in which she alleged that plaintiff, her neighbor, trespassed into her backyard to pick up waste from his dog. The police arrested plaintiff on a trespass charge and issued an appearance ticket to him. After the trespass charge was adjourned in contemplation of dismissal, plaintiff commenced this action seeking monetary damages for the emotional distress he allegedly suffered as a result of his arrest.

We conclude that Supreme Court properly granted defendants' motion. A plaintiff asserting a cause of action for abuse of process must plead and prove that there was "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116, citing *Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn.*, *Local 1889, AFT AFL-CIO*, 38 NY2d 397, 403). In addition, the plaintiff must plead and prove actual or special damages (*see Silberman v Flaum*, 225 AD2d 985, 986; *City Sts. Realty Corp. v Resner*, 174 AD2d 408), although we note that legal fees incurred in defending against false criminal charges are sufficient

(*see Parkin v Cornell Univ.*, 78 NY2d 523, 530).

Here, defendants established that defendant did not use process "in a perverted manner to obtain a collateral objective" (*Curiano*, 63 NY2d at 116), which generally requires "the improper use of process after it is issued" (*id*. at 117 [internal quotation marks omitted]; *see Selinger v Selinger*, 210 AD2d 309; *Ronaldson v Countryside Manor Condominium Bd. of Mgrs.*, 189 AD2d 808, 809, *lv dismissed* 82 NY2d 706). Plaintiff in response failed to raise an issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Although plaintiff submitted evidence indicating that defendant may have filed a false criminal complaint against him out of spite, "[a] malicious motive alone . . . does not give rise to a cause of action for abuse of process" (*Curiano*, 63 NY2d at 117). As defendants contend, plaintiff failed to demonstrate that defendant otherwise "utilized the process in a manner inconsistent with the purpose for which it was designed" (*Minasian v Lubow*, 49 AD3d 1033, 1036). The remedy for a party against whom a false criminal complaint is filed lies in the tort of malicious prosecution, and plaintiff is unable to pursue that tort because the charge against him resulted in an adjournment in contemplation of dismissal (*see Malanga v Sears, Roebuck & Co.*, 109 AD2d 1054, 1054-1055, *affd* 65 NY2d 1009).

Entered: June 15, 2012                    Frances E. Cafarell
                                          Clerk of the Court