Kammerer v Mercado (2021 NY Slip Op 03935)





Kammerer v Mercado


2021 NY Slip Op 03935


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


87 CA 20-00548

[*1]JESSICA KAMMERER, PLAINTIFF-APPELLANT,
v
LUIS ANGEL MERCADO, ET AL., DEFENDANTS, AND AUBURN BUFFALO REALTY LLC, DEFENDANT-RESPONDENT. 






VANDETTE PENBERTHY LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HURWITZ & FINE, P.C., BUFFALO (MARC A. SCHULZ OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered March 16, 2020. The order denied the motion of plaintiff for partial summary judgment against defendant Auburn Buffalo Realty LLC and granted the cross motion of that defendant for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries that she sustained when a caustic substance fell on her while she was working in a building owned by Auburn Buffalo Realty LLC (defendant). Plaintiff's employer, defendant James T. Medley, was a contractor hired to perform work in the building. At the time of the incident, plaintiff and Medley were attempting to fix a clogged pipe. Plaintiff was on the first floor of the building, standing on a makeshift scaffold and holding the pipe. Medley was on the second floor and, when he cut the pipe, liquid in the pipe fell on plaintiff and caused burns to her face, neck, arms and body.
Plaintiff moved for summary judgment with respect to defendant's liability under Labor Law §§ 240 (1) and 241 (6). Defendant cross-moved for summary judgment dismissing the complaint against it. Supreme Court denied plaintiff's motion, granted defendant's cross motion, and dismissed plaintiff's complaint and all claims against defendant. Plaintiff appeals and we affirm.
We note at the outset that plaintiff has abandoned any contention that the court erred in granting the cross motion with respect to the Labor Law § 200 claim and common-law negligence cause of action against defendant inasmuch as plaintiff failed to address that claim and cause of action in her brief (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Contrary to plaintiff's contention, the court properly denied her motion and granted defendant's cross motion with respect to the Labor Law § 240 (1) claim. Assuming, arguendo, that plaintiff was engaged in repair work within the meaning of Labor Law § 240 (1) at the time of her injury (see Crossett v Schofell, 256 AD2d 881, 882 [3d Dept 1998]; Benfanti v Tri-Main Dev., 231 AD2d 855, 855 [4th Dept 1996]; cf. Leathers v Zaepfel Dev. Co., Inc. [appeal No. 2], 121 AD3d 1500, 1501-1502 [4th Dept 2014], lv denied 24 NY3d 917 [2015]), we conclude that plaintiff's injury was not caused by a hazard against which the statute was intended to protect. Plaintiff was injured by a substance that fell from the pipe, and the substance in the pipe "was not a material being hoisted or a load that required securing" (Narducci v Manhasset Bay Assoc., 96 [*2]NY2d 259, 268 [2001]; cf. Sniadecki v Westfield Cent. School Dist., 272 AD2d 955, 955 [4th Dept 2000]).
Contrary to plaintiff's further contention, the court also properly denied her motion and granted defendant's cross motion with respect to the Labor Law § 241 (6) claim. Again, assuming, arguendo, that plaintiff was engaged in repair work subject to the protections of section 241 (6) (see 12 NYCRR 23-1.4 [b] [13]), we conclude that plaintiff failed to establish a violation of 12 NYCRR 23-1.8 (c) (4) because she was not required to "use or handle" the substance in the pipe within the meaning of that regulation. To the extent that plaintiff contends on appeal that defendant violated other regulations that she alleged were violated in her bill of particulars, her contention is not properly before us inasmuch as plaintiff did not address those regulations in her motion or in opposition to defendant's cross motion (see Ciesinski, 202 AD2d at 985).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court