*Abdulaziz v. McKinsey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of July, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSÉ A. CABRANES,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

OMAR ABDULAZIZ,

*Plaintiff-Appellant*,

v.                                                      21-2921

MCKINSEY & COMPANY, INC., MCKINSEY & COMPANY INC. UNITED STATES, MCKINSEY & COMPANY, INC. INTERNATIONAL, DOES 1-100, XYZ CORPS., 1-100,

*Defendants-Appellees.*

---

| | |
|---|---|
| For Plaintiff-Appellant: | JOHN F. OLSEN, The Law Office of John F. Olsen, LLC, Montclair, NJ. |
| For Defendants-Appellees: | JOSEPH R. PALMORE (Mark David McPherson, Lena H. Hughes, Adam L. Sorensen, *on the brief*), Morrison & Foerster LLP, New York, NY and Washington, DC. |

Appeal from orders of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Plaintiff-Appellant Omar Abdulaziz ("Abdulaziz") appeals from the September 22, 2021 order of the United States District Court for the Southern District of New York (Schofield, *J.*) dismissing his complaint, and the October 28, 2021 order of the district court denying his request for leave to amend his complaint. Abdulaziz describes himself as "a political dissident from the Kingdom of Saudi Arabia . . . who now resides in Montreal, Quebec." Compl. ¶ 1. He sued Defendants-Appellees McKinsey & Company, Inc., McKinsey & Company, Inc. United States, and McKinsey & Company, Inc. International (collectively, "McKinsey"), among other unnamed individuals and entities, alleging that McKinsey created a PowerPoint report for the government of Saudi Arabia, identifying Abdulaziz as one of three influential dissidents using Twitter to criticize certain policies of the Saudi government, Saudi royal family, and Saudi crown prince Mohammad Bin Salman ("MBS"). Abdulaziz pled that, after receiving the report, the Saudi government responded by targeting him with assassination attempts and arrested, tortured, and harassed his family members and friends currently living in Saudi Arabia. In his complaint, Abdulaziz asserted claims for negligence, negligent infliction of emotional distress, and prima facie tort sounding in negligence. In its September 22, 2021 order, the district court dismissed the complaint, ruling that Abdulaziz's claims failed because the complaint did not allege that McKinsey breached a duty of care that is cognizable under New York law.[1] *Abdulaziz v.*

---

[1] Abdulaziz also brought claims for intentional infliction of emotional distress and prima facie tort sounding in intentional conduct. The district court dismissed these claims as time-barred by

*McKinsey & Co.*, No. 21 CIV. 1219, 2021 WL 4340405, at \*4–6 (S.D.N.Y. Sept. 22, 2021); *see* Fed. R. Civ. P. 12(b)(6). On October 28, 2021, the district court denied Abdulaziz's request for leave to amend his complaint. Abdulaziz appeals the dismissal of his complaint and the district court's refusal to grant him leave to amend. For the following reasons, we **AFFIRM** the orders of the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.     Negligence-Based Claims**

We review *de novo* the district court's Rule 12(b)(6) dismissal of Abdulaziz's complaint. *See CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Sitting in diversity, we apply the choice of law rules of the forum state—here, New York. *See Chau v. Lewis*, 771 F.3d 118, 126 (2d Cir. 2014). Abdulaziz and McKinsey agree that New York's substantive law applies, and such consent is "sufficient to establish choice of law." *Id.* (citation omitted).

Abdulaziz argues that the district court erred by ruling that his negligence-based claims must be dismissed for failure to allege that McKinsey breached a duty of care that is cognizable under New York law. We disagree. Any claim sounding in negligence under New York law

New York's one-year statute of limitations for intentional torts. *See* N.Y. C.P.L.R. § 215(3); *De La Cruz v. Nour*, 21 N.Y.S.3d 351, 352 (2d Dep't 2015). Abdulaziz does not argue on appeal that the district court erred in dismissing these claims. We thus consider any such argument waived. *See JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

3

must be based in the breach of a legally cognizable duty of care. *See Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 232 (2001) ("The threshold question in any negligence action is: does defendant owe a legally recognized duty of care to plaintiff?"), *opinion after certified question answered*, 264 F.3d 21 (2d Cir. 2001); *Sacino v. Warwick Valley Cent. Sch. Dist.*, 29 N.Y.S.3d 57, 60 (2d Dep't 2016) ("A cause of action to recover damages for negligent infliction of emotional distress generally requires a plaintiff to show a breach of a duty owed to him which unreasonably endangered his physical safety, or caused him to fear for his own safety." (citations omitted)). The district court correctly determined that Abdulaziz did not plausibly allege that McKinsey owed such a duty here.

The determination whether or not a defendant had a cognizable duty of care is a legal question that the court must resolve. *See Eiseman v. State*, 70 N.Y.2d 175, 187 (1987) ("[T]he duty owed by one member of society to another is a legal issue for the courts." (citation omitted)). In determining whether a cognizable duty exists, New York courts balance considerations such as "the reasonable expectations of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability, disproportionate risk and reparation allocation, and public policies affecting the expansion or limitation of new channels of liability." *Hamilton*, 96 N.Y.2d at 232 (citation omitted); *see In re N.Y.C. Asbestos Litig.*, 27 N.Y.3d 765, 787–88 (2016) ("To discern whether a duty exists, the court must not engage in a simple weighing of equities, for a legal duty does not arise when[ever] symmetry and sympathy would so seem to be best served." (alteration in original) (internal quotation marks and citation omitted)). Further, "courts must be mindful of the precedential, and consequential, future effects of their rulings, and limit the legal consequences of wrongs to a controllable degree." *Hamilton*, 96 N.Y.2d at 232 (internal

4

quotation marks and citation omitted).

New York courts "have been cautious . . . in extending liability to defendants for their failure to control the conduct of others." *Id.* at 232–33; *see Davis v. S. Nassau Cmtys. Hosp.*, 26 N.Y.3d 563, 572 (2015) (New York courts "have historically proceeded carefully and with reluctance to expand an existing duty of care"). Such a duty to control the conduct of others "may arise . . . where there is a relationship either between defendant and a third-person tortfeasor that encompasses defendant's actual control of the third person's actions, or between defendant and plaintiff that requires defendant to protect plaintiff from the conduct of others." *Hamilton*, 96 N.Y.2d at 233.[2] But the New York Court of Appeals has recognized that, "[g]enerally, there is no 'duty to control the conduct of third persons to prevent them from causing injury to others.'" *Oddo v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc.*, 28 N.Y.3d 731, 735 (2017) (quoting *Purdy*, 72 N.Y.2d at 8). And this is so "even where[,] as a practical matter[,] defendant *could have* exercised such control." *Id.* at 736 (emphasis added) (internal quotation marks omitted) (quoting *Purdy*, 72 N.Y.2d at 8).

Abdulaziz's complaint does not allege that McKinsey breached a duty of care that is cognizable under New York law. While he pleads that McKinsey prepared the report for the Saudi government that identified him as an influential dissident, he does not allege that McKinsey exerted any control over the Saudi government, or MBS in particular, whatsoever. In fact, his complaint suggests the opposite—that the Saudi government exercised control over McKinsey, as the Saudi government retained McKinsey (and could presumably terminate that relationship) and,

---

[2] Examples of these "special relationship[s]" include "the traditional master-servant relationship, the relationship between a parent and child, [and] the relationship between a common carrier and its passenger." *Purdy v. Pub. Adm'r of Cnty. of Westchester*, 72 N.Y.2d 1, 8 (1988).

5

during a 2017 effort to quell dissent within the country, the Saudi government arrested and beat a McKinsey partner, after which McKinsey fired the individual. *See* Compl. ¶ 57. The complaint similarly does not allege that McKinsey owed Abdulaziz any duty to protect him from the conduct of the Saudi government or anyone else. As such, we conclude that the complaint does not allege the existence of any sort of special relationship that New York courts recognize as creating a duty to control—that is, by McKinsey having actual control over the Saudi government and MBS, or by it having a duty to protect Abdulaziz from the conduct of the Saudi government. *See Purdy*, 72 N.Y.2d at 8; *Hamilton*, 96 N.Y.2d at 233. Nor does Abdulaziz "ask[] the [C]ourt to create a new duty of care." Appellant's Reply Br. 2.

Abdulaziz counters that this Court's focus should be on the high level of risk that McKinsey created by identifying him as an influential dissident, because, according to him, it is "the risk created by the defendant's conduct that determines whether there is a duty owed to a particular plaintiff." Appellant's Br. 22 (citing *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 344 (1928) (Cardozo, *C.J.*) ("The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension." (citations omitted))). He emphasizes that McKinsey knew or should have known that identifying him in its report would likely result in serious repercussions for him and his friends and family at the hands of the Saudi government. However, in considering whether a defendant owes a duty of care, "[f]oreseeability of injury does not determine the existence of duty." *Eiseman*, 70 N.Y.2d at 187; *Hamilton*, 96 N.Y.2d at 232 ("Foreseeability, alone, does not define duty . . . ."). Rather than evidencing the existence of a duty, foreseeability "merely determines the scope of the duty once it is determined to exist." *Hamilton*, 96 N.Y.2d at 232; *see In re N.Y.C. Asbestos Litig.*, 27 N.Y.3d at 788 (a "court cannot recognize a duty based entirely on the foreseeability of the harm at

issue, though foreseeability defines the scope of a duty once it has been recognized" (citations omitted)); *Pulka v. Edelman*, 40 N.Y.2d 781, 785 (1976) ("The principle expressed in *Palsgraf* . . . is applicable to determine the scope of duty—only after it has been determined that there is a duty. [Where] there is no duty . . . , that principle is inapplicable."). Other than the foreseeability of risk, Abdulaziz provides no reason why sharing the report was *itself* a breach of a cognizable duty of care running from McKinsey to Abdulaziz, and he fails to distinguish such a putative duty from similar ones rejected by New York courts. *See Valeriano v. Rome Sentinel Co.*, 842 N.Y.S.2d 805, 806 (4th Dep't 2007) (no duty not to publish another's personal information absent a "statutory, contractual or fiduciary duty to protect the confidentiality of plaintiff's personal information"). Thus, even if McKinsey knew or should have known that the Saudi government would target Abdulaziz after learning of his dissident activity from the report, Abdulaziz has not plausibly alleged a breach of a duty of care cognizable under New York law.

**II.     Leave to Amend**

Abdulaziz also argues that the district court erred in refusing to grant him leave to amend his complaint. Again, we disagree. We "review the district court's denial of leave to amend for abuse of discretion." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (citation omitted). "While, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, 'leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend . . . for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Id.* (alteration in original) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)).

The district court did not abuse its discretion or otherwise err in denying Abdulaziz's request for leave to amend his complaint. Abdulaziz failed to show that he could amend his

complaint to correct the deficiencies identified above.  After the dismissal of his complaint, at the request of the district court, Abdulaziz filed a letter motion explaining how a first amended complaint would allege facts that would give rise to a legally cognizably duty owed by McKinsey, and provided a copy of a proposed first amended complaint showing the changes.  As rightly determined by the district court, none of Abdulaziz's proposed changes would correct the deficiencies of his original complaint.  His proposed amendments, for example, emphasize that McKinsey regretted the possibility that its report could be used to target individuals for their views and that McKinsey likely knew that Abdulaziz and others identified in the report would be targeted by the Saudi government.  The amendments also suggest that McKinsey violated its own internal policies in providing the report.  But these proposed amendments, among other suggested changes, do nothing to cure the complaint's failure to allege that McKinsey breached a cognizable a duty of care under New York law.  We thus affirm the district court's refusal to grant Abdulaziz leave to amend his complaint.

*     *     *

We have considered Abdulaziz's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court