Chambers v Town of Shelby (2022 NY Slip Op 07314)

Chambers v Town of Shelby

2022 NY Slip Op 07314

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

686 CA 21-01518

[*1]ERIC N. CHAMBERS, PLAINTIFF-APPELLANT,
v
TOWN OF SHELBY AND TOWN OF SHELBY CODE ENFORCEMENT OFFICER, DEFENDANTS-RESPONDENTS. 

LAW OFFICES OF JON LOUIS WILSON, LOCKPORT (JON LOUIS WILSON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BOND, SCHOENECK & KING, PLLC, ROCHESTER (JEREMY M. SHER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Orleans County (Frank Caruso, J.), entered September 22, 2021. The order and judgment granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this action to recover damages for malicious prosecution and abuse of process, plaintiff appeals from an order and judgment granting defendants' motion for summary judgment dismissing the complaint. This action arises from the filing of three informations pursuant to Executive Law § 382 (2) by defendants, charging plaintiff with violations of, inter alia, the Uniform Fire Prevention and Building Code on three properties. A violation of section 382 (2) is a misdemeanor offense (see Matter of Ophardt v Vasquez, 74 AD3d 1742, 1744 [4th Dept 2010], appeal dismissed 15 NY3d 867 [2010]) subject to a fine, a term of imprisonment, or both (see
§ 382 [2]). Plaintiff commenced this action after the charges were withdrawn.
Plaintiff contends that summary judgment was premature because further discovery was needed. We reject that contention. Plaintiff failed "to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant[s]" (Buto v Town of Smithtown, 121 AD3d 829, 830 [2d Dept 2014] [internal quotation marks omitted]; see CPLR 3212 [f]; Gannon v Sadeghian, 151 AD3d 1586, 1588 [4th Dept 2017]), and we agree with defendants that "the [m]ere hope that somehow . . . plaintiff[] will uncover evidence that will prove a case is insufficient for denial of the motion" (Gannon, 151 AD3d at 1588 [internal quotation marks omitted]).
We also reject plaintiff's contention that Supreme Court erred on the merits in granting defendants' motion. It is well settled that, in order "[t]o obtain recovery for malicious prosecution, a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice" (Martinez v City of Schenectady, 97 NY2d 78, 84 [2001]; see Broughton v State of New York, 37 NY2d 451, 457 [1975], cert denied 423 US 929 [1975]; Bratge v Simons, 173 AD3d 1623, 1624 [4th Dept 2019]). Thus, "[p]robable cause to believe that a person committed a crime is a complete defense to claims of . . . malicious prosecution" (Bratge, 173 AD3d at 1624 [internal quotation marks omitted]; see Britt v Monachino, 73 AD3d 1462, 1462 [4th Dept 2010]). "In the context of a malicious prosecution cause of action, probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (Dann v Auburn Police Dept., 138 AD3d [*2]1468, 1470 [4th Dept 2016] [internal quotation marks omitted]; see Colon v City of New York, 60 NY2d 78, 82 [1983], rearg denied 61 NY2d 670 [1983]; Broyles v Town of Evans, 147 AD3d 1496, 1496-1497 [4th Dept 2017]).
Here, plaintiff does not dispute that there were violations of, inter alia, the Uniform Fire Prevention and Building Code on the properties. Instead, plaintiff contends that defendants had failed to engage in the steps necessary to determine that he was the owner of the properties within the meaning of the New York State Uniform Fire Prevention and Building Code Act (Executive Law § 370 et seq.; see
§ 382 [2]), and therefore defendants lacked probable cause to believe that plaintiff violated Executive Law § 382 (2). Contrary to plaintiff's contention, defendants met their initial burden by establishing that plaintiff was the "owner" of the properties. The term "owner" is not defined in the Uniform Fire Prevention and Building Code Act (see § 372). "Where the interpretation of [a] statute turns on the definition of words not defined therein, we construe words of ordinary import with their usual and commonly understood meaning, and in that connection have regarded dictionary definitions as useful guideposts in determining the meaning of a word or phrase" (Matter of Level 3 Communications, LLC v Chautauqua County, 148 AD3d 1702, 1704 [4th Dept 2017], lv denied 30 NY3d 913 [2018] [internal quotation marks omitted]; see Yaniveth R. v LTD Realty Co., 27 NY3d 186, 192 [2016]). The term "owner" means "[s]omeone who has the right to possess, use, and convey something; a person in whom one or more interests are vested" (Black's Law Dictionary [11th ed 2019], owner). Here, we conclude that defendants established probable cause to believe that plaintiff was the "owner" of the properties inasmuch as it is undisputed that plaintiff operated his business on one of the properties, identified the properties as his in correspondence with defendants, had control over whether to permit inspections of the premises, identified himself as the owner of two of the properties in prior applications for a junkyard license from defendants, and leased the other property to a tenant. Consequently, the court properly concluded that defendants met their burden of establishing probable cause to believe that plaintiff, as the owner of the properties, committed a crime by violating Executive Law § 382 (2) (see generally Bratge, 173 AD3d at 1624). We further conclude that plaintiff failed to raise an issue of fact in opposition with respect thereto (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We similarly conclude that defendants established their entitlement to judgment as a matter of law with respect to the abuse of process claim. "Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (Curiano v Suozzi, 63 NY2d 113, 116 [1984]; see Liss v Forte, 96 AD3d 1592, 1593 [4th Dept 2012]). Here, defendants met their initial burden on the motion with respect to that claim by establishing that they "did not use process in a perverted manner to obtain a collateral objective" (Liss, 96 AD3d at 1593 [internal quotation marks omitted]). Plaintiff in response failed to raise an issue of fact to defeat that part of the motion. Although plaintiff alleged that defendants filed an excessive number of misdemeanor charges against him in an effort to deplete his resources, "the gist of [an] action for abuse of process
. . . is the improper use of process after it is issued" (Curiano, 63 NY2d at 117 [internal quotation marks omitted and emphasis added]). Here, plaintiff does "not contend that the [informations] issued by defendants w[ere] improperly used after [they] w[ere] issued but only that defendants acted maliciously in [filing the informations]. A malicious motive alone, however, does not give rise to a cause of action for abuse of process" (id.; see Liss, 96 AD3d at 1593).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court