Behrens v City of Buffalo (2023 NY Slip Op 03653)

Behrens v City of Buffalo

2023 NY Slip Op 03653

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, OGDEN, AND GREENWOOD, JJ.

563 CA 21-01754

[*1]TORSTEN BEHRENS, M.D., AND JOSEPHINE ZAGARELLA, PLAINTIFFS-APPELLANTS,
v
CITY OF BUFFALO, ET AL., DEFENDANTS, AND NOEL SUTTON, DEFENDANT-RESPONDENT. 

TIVERON LAW PLLC, AMHERST (TYLER J. ECKERT OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
RUPP PFALZGRAF LLC, BUFFALO (CHRISTOPHER R. BITAR OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered October 26, 2021. The order, inter alia, granted the motion of defendant Noel Sutton to dismiss the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for, inter alia, false arrest and abuse of process. Plaintiffs appeal from an order that, inter alia, granted the motion of Noel Sutton (defendant) to dismiss the complaint against him pursuant to CPLR 3211 (a) (5) and (7). We affirm.
Plaintiffs contend that Supreme Court erred in dismissing the seventh cause of action, for abuse of process, to the extent that it is asserted by Torsten Behrens, M.D. (plaintiff), against defendant. We note at the outset that, by failing to brief the remaining claims and causes of action that were dismissed against defendant, plaintiffs have abandoned those claims and causes of action (see Kammerer v Mercado, 195 AD3d 1513, 1514 [4th Dept 2021], lv denied 38 NY3d 905 [2022]; Cunningham v Mary Agnes Manor Mgt., L.L.C., 188 AD3d 1560, 1562 [4th Dept 2020]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Contrary to plaintiffs' contention, we conclude that the court properly dismissed plaintiff's abuse of process claim against defendant as untimely. Abuse of process is an intentional tort that is subject to the one-year statute of limitations (see CPLR 215 [3]; Bittner v Cummings, 188 AD2d 504, 506 [2d Dept 1992]). Plaintiff's claim at issue accrued on January 7, 2019, when criminal charges were filed against plaintiff, and plaintiffs commenced this action more than one year later. We reject plaintiffs' contention that the claim did not accrue until the criminal charges were dismissed against plaintiff (see Cunningham v State of New York, 53 NY2d 851, 853 [1981]; Keller v Butler, 246 NY 249, 255 [1927]; see generally Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]).
In any event, we further conclude that the court properly dismissed plaintiff's abuse of process claim against defendant for failure to state a claim. "On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (Leon v Martinez, 84 NY2d 83, 87 [1994]). We must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (id. at 87-88).
"Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (Curiano v Suozzi, 63 NY2d 113, 116 [1984]; see Chambers v Town of Shelby, 211 AD3d 1456, 1459 [4th Dept 2022]; Liss v Forte, 96 AD3d 1592, 1593 [4th Dept 2012]). Here, the complaint insofar as it concerns the claim at issue fails to state the third element. The complaint simply states that defendant's use of process furthered the goal of harassing and intimidating plaintiff. "A malicious motive alone, however, does not give rise to a cause of action for abuse of process" (Curiano, 63 NY2d at 117; see Chambers, 211 AD3d at 1459; Place v Ciccotelli, 121 AD3d 1378, 1380 [3d Dept 2014]). There is no collateral objective identified in the complaint with respect to defendant's use of the legal process against plaintiff (see DeMartino v Golden, 150 AD3d 1200, 1201-1202 [2d Dept 2017]; Perez v Mount Sinai Med. Ctr., 297 AD2d 615, 615-616 [1st Dept 2002]; cf. D'Amico v Correctional Med. Care, Inc., 120 AD3d 956, 960 [4th Dept 2014]; see also Wilner v Village of Roslyn, 99 AD3d 702, 704 [2d Dept 2012]).
Plaintiffs' alternative contention that the seventh cause of action states a claim by plaintiff against defendant for malicious prosecution is raised for the first time on appeal and is not properly before us (see Mohrman v Johns, 210 AD3d 1075, 1076 [2d Dept 2022]; Walker v George, 97 AD3d 741, 741 [2d Dept 2012]; Valeriano v Rome Sentinel Co., 43 AD3d 1357, 1358 [4th Dept 2007]). "An issue may not be raised for the first time on appeal . . . where[, as here], it 'could have been obviated or cured by factual showings or legal countersteps' in the trial court" (Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]). We also do not consider plaintiffs' contentions that are raised for the first time in their reply brief (see Solvay Bank v Feher Rubbish Removal, Inc., 187 AD3d 1596, 1597 [4th Dept
2020]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court