Falso v Children & Family Servs. (2024 NY Slip Op 02448)

Falso v Children & Family Servs.

2024 NY Slip Op 02448

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND KEANE, JJ.

302 CA 23-00754

[*1]ANTHONY FALSO, PLAINTIFF-APPELLANT,
v
CHILDREN AND FAMILY SERVICES, DEFENDANT-RESPONDENT. 

ANTHONY FALSO, PLAINTIFF-APPELLANT PRO SE. 
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (MIGUEL A. MUNOZ OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Elena F. Cariola, J.), entered October 26, 2022. The order granted the motion of defendant to dismiss the complaint and denied the cross-motion of plaintiff for leave to file a late notice of claim and to amend the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking compensation for damage to his home and for mental anguish caused by a child, who was placed with him temporarily. Plaintiff was friends with the child's mother, and they lived with him for over a month in the spring of 2022 until the mother was able to secure new housing. Shortly after the mother and the child moved into new housing, the mother's ex-boyfriend broke into their apartment. Defendant's caseworkers asked plaintiff, upon the mother's suggestion, if the child could live with him until the mother again obtained new housing. Plaintiff agreed, and the child moved in with him in early June 2022. The child, however, allegedly caused damage to plaintiff's home, such as stains on the carpet and scratches on the furniture. Plaintiff asked defendant to remove the child, and she was removed a few days later. In his complaint, plaintiff asserted causes of action for breach of fiduciary duty and negligence. Plaintiff alleged that defendant knew or should have known that the child posed a danger to herself and others, yet never informed plaintiff before placing her with him. Plaintiff alleged that he agreed to be the child's foster caregiver upon defendant's express and implied assurances that the child would not present any problems, risks, or dangers for him by living with him.
Defendant moved to dismiss the complaint for, inter alia, failure to state a cause of action. Plaintiff cross-moved for leave to file a late notice of claim and to amend the complaint. Supreme Court granted the motion and denied the cross-motion. Plaintiff appeals, and we affirm.
On a motion to dismiss pursuant to CPLR 3211 (a) (7), we must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). In assessing a motion under CPLR 3211 (a) (7) where the court has considered evidentiary material in support of or in opposition to the motion, "[t]he criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one" (id. at 88 [internal quotation marks omitted]).
Contrary to plaintiff's contention, defendant did not owe any duty to him inasmuch as, during the relevant time period, he was not a "foster parent" nor was the child a "foster child" as defined by Social Services Law § 371 (19). Defendant submitted documentary evidence establishing that the child was not "in the care, custody or guardianship" (id.) of defendant until [*2]the issuance of a removal order that was made after the child left plaintiff's home.
Even, assuming, arguendo, that plaintiff was a foster parent and the child was a foster child, we further conclude that the allegations in the complaint do not establish the existence of a special duty with respect to the negligence cause of action (see Weisbrod-Moore v Cayuga County, 216 AD3d 1459, 1459 [4th Dept 2023]; Abraham v City of New York, 39 AD3d 21, 28-29 [2d Dept 2007], lv denied 10 NY3d 707 [2008]). "When a negligence claim is asserted against a municipality acting in a governmental capacity, as here, the plaintiff must prove the existence of a special duty" (Maldovan v County of Erie, 39 NY3d 166, 171 [2022], rearg denied 39 NY3d 1067 [2023]; see McLean v City of New York, 12 NY3d 194, 199 [2009]). "[A] special duty may arise in three situations: where '(1) the plaintiff belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally; or (3) the municipality took positive control of a known and dangerous safety condition' " (Maldovan, 39 NY3d at 171; see McLean, 12 NY3d at 199). "[T]he special duty rule is based on the rationale that exposing municipalities to tort liability may 'render them less, not more, effective in protecting their citizens' " (Maldovan, 39 NY3d at 174). "[T]he government is not an insurer against harm suffered by its citizenry at the hands of third parties" (Valdez v City of New York, 18 NY3d 69, 75 [2011]), and "a 'crushing burden' should not be imposed on a governmental body 'in the absence of [statutory] language clearly designed to have that effect' " (McLean, 12 NY3d at 204).
Plaintiff did not allege defendant's violation of any statutory duty or that the third situation applies, and thus only the second situation is at issue here. "[T]o establish that the government voluntarily assumed a duty to the plaintiff beyond what it generally owes to the public, the plaintiff must establish: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Maldovan, 39 NY3d at 172 [internal quotation marks omitted]; see Valdez, 18 NY3d at 80; McLean, 12 NY3d at 201). Here, plaintiff failed to make the necessary allegations that defendant voluntarily assumed a duty to him beyond what it generally owed to the public. There were no " 'promises or actions' by which [defendant] assumed a duty to do something on [plaintiff's] behalf" (McLean, 12 NY3d at 201). Defendant's "duty to [plaintiff] was neither more nor less than its duty to any other [foster parent taking in a child]" (id.). Defendant's alleged assurances that the child would not present any problems, risks or dangers for plaintiff does not constitute an assumption of an affirmative duty to act.
Plaintiff failed to address the breach of fiduciary duty cause of action in his brief and has thus abandoned that cause of action (see Behrens v City of Buffalo, 217 AD3d 1589, 1590 [4th Dept 2023]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). In any event, the court properly dismissed that cause of action because plaintiff failed to allege that there was a fiduciary relationship between plaintiff and defendant (see generally Health v Hyland, 200 AD3d 1654, 1655 [4th Dept 2021]).
Contrary to plaintiff's further contention, the court properly denied his cross-motion. Although leave to amend a pleading is freely granted, it should be denied where the proposed amendment is patently lacking in merit (see Broyles v Town of Evans, 147 AD3d 1496, 1497 [4th Dept 2017]; Emergency Enclosures, Inc. v National Fire Adj. Co., Inc., 68 AD3d 1658, 1662 [4th Dept 2009]). Plaintiff's proposed amended complaint simply added parties, i.e., employees of defendant, and did not add any new substantive allegations or causes of action. Inasmuch as the proposed amended complaint was patently without merit, the cross-motion seeking leave to file an amended complaint and late notice of claim was properly denied (see Turner v Roswell Park Cancer Inst. Corp., 214 AD3d 1376, 1377-1378 [4th Dept 2023]; Magic Circle Films Intl., LLC v Entertainment One U.S. LP, 199 AD3d 1444, 1445 [4th Dept 2021]; Matter of Lo Tempio v Erie County Health Dept., 17 AD3d 1161, 1161-1162 [4th Dept 2005]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court