Dixon v City of Rochester (2025 NY Slip Op 00553)

Dixon v City of Rochester

2025 NY Slip Op 00553

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, AND NOWAK, JJ.

751 CA 22-01502

[*1]CRESSIDA A. DIXON, TEMPORARY ADMINISTRATOR, C.T.A., OF THE ESTATE OF THOMAS C. TURNER, DECEASED, AND MICHAEL P. STANARD, AS ADMINISTRATOR OF THE ESTATE OF KINGSLEY STANARD, DECEASED, PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
CITY OF ROCHESTER, DEFENDANT-RESPONDENT-APPELLANT. 

SANTIAGO BURGER LLP, ROCHESTER (MICHAEL A. BURGER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS. 
PATRICK BEATH, CORPORATION COUNSEL, ROCHESTER (JOHN M. CAMPOLIETO OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 

 Appeal and cross-appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Elena F. Cariola, J.), entered August 19, 2022. The order and judgment, inter alia, granted in part and denied in part the motions of the parties for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs' decedents, Thomas C. Turner and Kingsley Stanard, commenced this action against defendant, City of Rochester (City), seeking damages and declaratory relief arising from a special proceeding that the City commenced against them in City Court. The special proceeding pertained to property owned by Turner and rented by Stanard and sought to abate code violations existing on the exterior of the property, to compel decedents to pay outstanding fines related to those violations, and to compel decedents to allow an interior inspection of the property so the City could determine whether to issue an updated certificate of occupancy.
In the instant action, decedents asserted six causes of action premised on allegations that the City unconstitutionally and illegally prosecuted the special proceeding. Decedents moved for partial summary judgment on five of the six causes of action in the third amended complaint, and the City moved for summary judgment dismissing the third amended complaint in its entirety. Supreme Court granted that part of the City's motion with respect to the second, third, and fourth causes of action. The court also granted that part of decedents' motion with respect to the first, fifth, and sixth causes of action insofar as decedents alleged that their federal and state constitutional rights were violated by City Court's order in the special proceeding directing them to permit an exterior and interior inspection of the property. Plaintiffs appeal, and the City cross-appeals. We affirm.
Contrary to plaintiffs' contention on their appeal, the court properly granted that part of the City's motion with respect to the second cause of action, for abuse of process. "Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (Curiano v Suozzi, 63 NY2d 113, 116 [1984]; see Behrens v City of Buffalo, 217 AD3d 1589, 1590-1591 [4th Dept 2023]; Liss v Forte, 96 AD3d 1592, 1593 [4th Dept 2012]). The mere commencement of an action, even with malicious intent, does not give rise to a cause of action for abuse of process (see Curiano, 63 NY2d at 117; Behrens, 217 AD3d at 1591).
Here, the City met its initial burden on its motion by establishing that it had a legitimate purpose for commencing the special proceeding against decedents. The Municipal Code of the City of Rochester (City Code) § 90-16 mandates a certificate of occupancy for the property, a requirement that has been upheld as constitutional (see Matter of Cappon v Carballada, 109 AD3d 1115, 1116 [4th Dept 2013], appeal dismissed & lv denied 22 NY3d 1132 [2014]). That section also permits inspections of the property and the seeking of inspection warrants (see City Code § 90-16 [I], [K]). The failure of the property at issue to have a certificate of occupancy constituted a health and safety violation (id. § 90-16 [A] [1]). Contrary to plaintiffs' contention, the special proceeding commenced by the City was a proper vehicle for seeking a remedy for the violation (see UCCA 203 [c]). Thus, the City established that it employed a legitimate process in commencing the special proceeding against decedents to enforce the certificate of occupancy requirement. In opposition, decedents failed to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Contrary to plaintiffs' further contention on their appeal, the court properly granted that part of the City's motion with respect to the fourth cause of action, for malicious prosecution. A plaintiff asserting a cause of action for malicious prosecution of a prior civil action must establish that the defendant initiated a proceeding that terminated in favor of the plaintiff, a patent lack of probable cause for that proceeding, malice, and special injury (see Thyroff v Nationwide Mut. Ins. Co., 57 AD3d 1433, 1435 [4th Dept 2008], appeal dismissed 12 NY3d 911 [2009], lv denied 13 NY3d 710 [2009]; see generally Engel v CBS, Inc., 93 NY2d 195, 204 [1999]).
Here, the City met its initial burden on its motion by establishing that it actually or reasonably believed that the property was in violation of the applicable housing standards (see PJI 3:50A; see also Galland v Kossoff, 34 AD3d 306, 307 [1st Dept 2006]). There is no dispute that a certificate of occupancy was never issued for the property despite the mandate of City Code § 90-16. It is also undisputed that, at the time the special proceeding was commenced, there were other unabated violations on the property. In opposition, decedents failed to raise an issue of fact whether there was an "entire lack of probable cause [underlying] the prior proceeding" (Engel, 93 NY2d at 204; see Perryman v Village of Saranac Lake, 41 AD3d 1080, 1081-1082 [3d Dept 2007]).
We reject plaintiffs' contention that the court erred in failing to make declarations defining and limiting the scope of relief available under UCCA 203 (c). The decision whether to grant a declaratory judgment rests within the discretion of the court and is "dependent upon facts and circumstances rendering it useful and necessary. [The court's] discretion must be exercised judicially and with care" (James v Alderton Dock Yards, 256 NY 298, 305 [1931], rearg denied 256 NY 681 [1931]; see CPLR 3001). Here, the denial of the declaratory relief requested was proper inasmuch as the other relief sought in the instant action made the declarations unnecessary (see generally Matter of Zen Ctr. of Syracuse, Inc. v Gamage, 94 AD3d 1490, 1490 [4th Dept 2012]; Harris v Town of Mendon, 284 AD2d 988, 989 [4th Dept 2001]).
We have considered plaintiffs' remaining contentions on their appeal, and we conclude that they are without merit.
The City contends on its cross-appeal that the court improperly granted that part of decedents' motion seeking summary judgment on their first, fifth, and sixth causes of action insofar as those causes of action were premised on the claim that decedents' constitutional rights were violated by City Court's order compelling them to permit an interior and exterior inspection of the premises. Decedents argued on their motion that the issue of the City's constitutional violations was previously adjudicated on decedents' appeal of that order to County Court and that collateral estoppel thus applies, and the court agreed. In opposition to decedents' motion, the City failed to address the doctrine of collateral estoppel. Similarly, the City has failed on its cross-appeal to either address plaintiffs' reliance on the doctrine of collateral estoppel or argue that the doctrine does not apply. Inasmuch as the City did not address the doctrine of collateral estoppel either in opposition to decedents' motion or on appeal, we cannot now address the propriety of the lower court's determination sua sponte (see Misicki v Caradonna, 12 NY3d 511, 519 [2009]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court