Wilmington Sav. Fund Socy., FSB v Cuong Vi Cao (2025 NY Slip Op 05719)

Wilmington Sav. Fund Socy., FSB v Cuong Vi Cao

2025 NY Slip Op 05719

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-00664 
2023-00665
 (Index No. 704249/20)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Cuong Vi Cao, appellant, et al., defendants.

Law Office of Henry Graham, P.C., Greenvale, NY (Henry M. Graham of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Zachary Gold of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Cuong Vi Cao appeals from (1) a decision of the Supreme Court, Queens County (Allan B. Weiss, J.), entered December 5, 2022, and (2) an order of the same court, also entered December 5, 2022. The order, insofar as appealed from, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Cuong Vi Cao, to strike that defendant's affirmative defenses, and for an order of reference.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On January 18, 2007, Rukmin Singh executed a note in the sum of $392,000 in favor of BankUnited, FSB (hereinafter BankUnited). The note was secured by a mortgage, executed by Rukmin and by Bhawanie Singh (hereinafter together the mortgagors), on certain residential property located in Richmond Hill (hereinafter the premises). The mortgagors allegedly defaulted on their obligations under the note and mortgage. Thereafter, by assignment of mortgage dated December 10, 2009, BankUnited assigned the mortgage to Consumer Solutions 3, LLC (hereinafter Consumer Solutions).
In March 2011, Consumer Solutions commenced an action (hereinafter the 2011 action) against the mortgagors, among others, to foreclose the mortgage. On January 31, 2013, Consumer Solutions commenced a second action (hereinafter the 2013 action) against the mortgagors, among others, to foreclose the mortgage. In a stipulation dated June 10, 2014, Consumer Solutions agreed to discontinue the 2011 action without prejudice.
After a foreclosure sale in a separate action to foreclose a junior lien against the premises, the premises was conveyed to the defendant Cuong Vi Cao (hereinafter the defendant) by referee's deed dated November 25, 2014. In an order entered April 12, 2016 (hereinafter the order of dismissal), the Supreme Court directed dismissal of the 2013 action after Consumer Solutions failed to comply with court orders directing it to file an order of reference. By assignment of mortgage dated September 20, 2017, the mortgage was assigned to the plaintiff.
In January 2018, Consumer Solutions moved, inter alia, to vacate the order of dismissal. In an order entered April 25, 2019, the Supreme Court denied the motion, and a judgment dismissing the 2013 action was entered upon the order. Consumer Solutions appealed from the order, but the appeal was later deemed dismissed for failure to perfect.
On March 11, 2020, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. Thereafter, the plaintiff served a supplemental summons and amended complaint dated August 5, 2020. The defendant interposed an answer to the amended complaint, asserting, among other things, an affirmative defense alleging that the action was time-barred and a counterclaim pursuant to RPAPL article 15 to cancel and discharge of record the mortgage.
In May 2022, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses, and for an order of reference. The plaintiff argued in support of the motion, among other things, that the action was timely commenced pursuant to CPLR 205(a) and that the statute of limitations was extended because the mortgagors reaffirmed the debt by filing bankruptcy petitions. The defendant opposed the motion. In a decision entered December 5, 2022, the Supreme Court found that a bankruptcy filing on July 9, 2015, "constituted an acknowledgment of the debt and served to renew the limitations period." In an order entered the same day, the court, upon the decision, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses, and for an order of reference. The defendant appeals.
In opposition to the plaintiff's motion, the defendant failed to address the plaintiff's contention that the statute of limitations was extended because the mortgagors reaffirmed the debt by filing bankruptcy petitions. Therefore, the defendant, in effect, conceded that no issue of fact existed in that regard and may not properly raise the issue for the first time on appeal (see Kugel v Reynolds, 228 AD3d 743, 752; 114 Woodbury Realty, LLC v 10 Bethpage Rd., LLC, 178 AD3d 757, 761-762; see also Kammerer v Mercado, 195 AD3d 1513, 1515).
Moreover, the defendant has abandoned on appeal his contention that the action was not timely commenced pursuant to CPLR 205(a), which he did raise in opposition to the plaintiff's motion, by failing to raise the issue in his brief (see Gruen v Brathwaite, 215 AD3d 927, 929; P.S. Fin., LLC v Eureka Woodworks, Inc., 214 AD3d 1, 15 n 7; Lupo v Miranda, 186 AD3d 468, 469).
Accordingly, the order must be affirmed insofar as appealed from.
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court